IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, d/b/a MUTUAL BOILER RE, | ) ) ) | CASE NO. 8:09-CV-159 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **DEFENDANTS' ANSWER, COUNTERCLAIM AND** |
| NEBRASKA BEEF, INC. and SOUTH OMAHA INVESTORS PACK, L.L.C., | ) ) ) ) | **JURY DEMAND** |
| Defendants. | ) ) | |

## ANSWER

COME NOW the Defendants, NEBRASKA BEEF, INC. ("Nebraska Beef") and SOUTH OMAHA INVESTORS PACK, L.L.C. ("SOIP"), and, each of them for their answer to Plaintiff's Complaint, state and allege as follows:

1. Nebraska Beef and SOIP are without sufficient knowledge to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore deny the same.

2. Nebraska Beef and SOIP admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Nebraska Beef and SOIP admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Nebraska Beef and SOIP admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Nebraska Beef and SOIP admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Nebraska Beef and SOIP admit that this case arises out of insurance policies issued by Mutual Boiler Re providing coverage to Nebraska Beef and SOIP for direct physical loss or damage caused by an "Equipment Breakdown," and deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Nebraska Beef and SOIP admit that Brooke Insurance & Financial Service ("Brooke") was a company located in Kansas City, Kansas that dealt with insurance. Nebraska Beef and SOIP are without sufficient knowledge to either admit or deny the remaining allegations of Paragraph 7 and therefore deny the same.

8. Nebraska Beef and SOIP admit that Power Group Risk Services, LLC ("Power Group") is a company located in Kansas City, Kansas. Nebraska Beef and SOIP are without sufficient information to admit or deny the remaining allegations in Paragraph 8 and therefore deny the same.

9. Nebraska Beef and SOIP admit that they were insured by Chubb Insurance Company ("Chubb") in the past.

10. Nebraska Beef and SOIP are without sufficient knowledge to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore deny the same.

11. Nebraska Beef and SOIP admit that they were provided insurance coverage quotes from various insurance companies in 2007, but deny the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Nebraska Beef and SOIP are without sufficient information or knowledge to either admit or deny the allegations in Paragraph 12 of Plaintiff's Complaint and therefore deny the same.

13. Nebraska Beef and SOIP admit that Brooke presented insurance proposals from various insurers.

14. Nebraska Beef and SOIP admit that they purchased Policy No. PN791 from Plaintiff but are without sufficient knowledge to either admit or deny that Exhibit A attached to Plaintiff's Complaint is a true and correct copy of that policy and therefore deny the same.

15. Nebraska Beef and SOIP deny the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Nebraska Beef and SOIP admit that the policy attached as Exhibit A contains the language set forth in Paragraph 16 of Plaintiff's Complaint.

17. Nebraska Beef and SOIP admit that the policy attached as Exhibit A contains the language set forth in Paragraph 17 of Plaintiff's Complaint.

18. Nebraska Beef and SOIP admit the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Nebraska Beef and SOIP admit the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Nebraska Beef and SOIP are without sufficient knowledge to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore deny the same.

21. Nebraska Beef and SOIP deny they failed to provide notice and are without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint and therefore deny the same.

22. Nebraska Beef and SOIP deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Nebraska Beef and SOIP admit the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Nebraska Beef and SOIP admit that their preliminary calculation of their loss was as stated in Paragraph 24 of Plaintiff's Complaint.

25. Nebraska Beef and SOIP admit that on June 17, 2008, Nebraska Beef's operations were interrupted due to a power outage, and deny the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Nebraska Beef and SOIP admit the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Nebraska Beef and SOIP are without sufficient knowledge to admit or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint and therefore deny the same.

28. Nebraska Beef and SOIP deny they failed to provide notice to Mutual Boiler Re and are without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint and therefore deny the same.

29. Nebraska Beef and SOIP deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Nebraska Beef and SOIP admit the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Nebraska Beef and SOIP admit that their preliminary calculation of their loss was as stated in Paragraph 31 of Plaintiff's Complaint.

32. Nebraska Beef and SOIP admit the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Nebraska Beef and SOIP admit the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Nebraska Beef and SOIP are without sufficient knowledge to admit or deny the allegations contained in Paragraph 34 of Plaintiff's Complaint and therefore deny the same.

35. Nebraska Beef and SOIP deny they failed to provide notice to Mutual Boiler Re and are without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint and therefore deny the same.

36. Nebraska Beef and SOIP deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Nebraska Beef and SOIP admit the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Nebraska Beef and SOIP admit that their preliminary calculation of their loss was as stated in Paragraph 38 of Plaintiff's Complaint.

39. Nebraska Beef and SOIP admit that on July 17, 2008, Nebraska Beef's operations were interrupted and that the interruption may have been due to the arcing of a circuit breaker.

40. Nebraska Beef and SOIP admit the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Nebraska Beef and SOIP are without sufficient knowledge to admit or deny the allegations contained in Paragraph 41 of Plaintiff's Complaint and therefore deny the same.

42. Nebraska Beef and SOIP are without sufficient knowledge to admit or deny the allegations contained in Paragraph 42 of Plaintiff's Complaint and therefore deny the same.

43. Nebraska Beef and SOIP deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Nebraska Beef and SOIP admit the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Nebraska Beef and SOIP admit that their preliminary calculation of their loss was as set forth in Paragraph 45 of Plaintiff's Complaint.

46. Nebraska Beef and SOIP are without sufficient knowledge to admit or deny the allegations contained in Paragraph 46 of Plaintiff's Complaint and therefore deny the same.

47. Nebraska Beef and SOIP are without sufficient knowledge to admit or deny the allegations contained in Paragraph 47 of Plaintiff's Complaint and therefore deny the same.

48. Nebraska Beef and SOIP are without sufficient knowledge to admit or deny the allegations contained in Paragraph 48 of Plaintiff's Complaint and therefore deny the same.

49. Nebraska Beef and SOIP are without sufficient knowledge to admit or deny the allegations contained in Paragraph 49 of Plaintiff's Complaint and therefore deny the same.

50. Nebraska Beef and SOIP are without sufficient knowledge to admit or deny the allegations contained in Paragraph 50 of Plaintiff's Complaint and therefore deny the same.

51. Nebraska Beef and SOIP are without sufficient knowledge to admit or deny the allegations contained in Paragraph 51 of Plaintiff's Complaint and therefore deny the same.

52. Nebraska Beef and SOIP are without sufficient knowledge to admit or deny the allegations contained in Paragraph 52 of Plaintiff's Complaint and therefore deny the same.

53. Nebraska Beef and SOIP are without sufficient knowledge to admit or deny the allegations contained in Paragraph 53 of Plaintiff's Complaint and therefore deny the same.

54. Nebraska Beef and SOIP admit the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Nebraska Beef and SOIP are without sufficient knowledge to admit or deny the allegations contained in Paragraph 55 of Plaintiff's Complaint and therefore deny the same.

56. Nebraska Beef and SOIP deny the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Nebraska Beef and SOIP admit a fax was sent to Mutual Boiler Re on or about November 6, 2008 and are without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 57 of Plaintiff's Complaint and therefore deny the same.

58. Nebraska Beef and SOIP admit the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Nebraska Beef and SOIP admit the fax listed the July 17, 2008 loss and are without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 59 of Plaintiff's Complaint and therefore deny the same.

60. Nebraska Beef and SOIP admit the fax refers to the July 17, 2008 loss and are without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 60 of Plaintiff's Complaint and therefore deny the same.

61. Nebraska Beef and SOIP deny the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Nebraska Beef and SOIP admit that they received the letters shown in Exhibit D attached to Plaintiff's Complaint, but deny the remaining allegations contained in Paragraphs 62 of Plaintiff's Complaint.

63. Nebraska Beef and SOIP admit that the documents in Exhibit D attached to Plaintiff's Complaint contain the stated language, but deny any interpretation of that language in Paragraph 63 of Plaintiff's Complaint.

64. Nebraska Beef and SOIP admit Mutual Boiler Re submitted questions to Nebraska Beef and are without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 64 of Plaintiff's Complaint and therefore deny the same.

65. Nebraska Beef and SOIP admit the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Nebraska Beef and SOIP admit the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. Nebraska Beef and SOIP admit the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. Nebraska Beef and SOIP admit the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. Nebraska Beef and SOIP admit they received the letters referred to in Paragraph 69; and allege the purported denial of coverages and attempt to rescind the policies are contrary to law and, therefore, deny the remaining allegations of Paragraph 69 of Plaintiff's Complaint.

70. Nebraska Beef and SOIP deny the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Nebraska Beef and SOIP restate and incorporate their answer to Paragraphs 1 through 70 of Plaintiff's Complaint.

72. Nebraska Beef and SOIP admit that Mutual Boiler Re seeks declaratory relief and deny the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73. Nebraska Beef and SOIP admit the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74. Nebraska Beef and SOIP deny the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75. Nebraska Beef and SOIP admit the allegations contained in Paragraph 75 of Plaintiff's Complaint; but deny Mutual Boiler Re's request for any award or relief, including those set forth in the prayer found at page 10 of Plaintiff's Complaint.

76. Nebraska Beef and SOIP restate and incorporate by this reference their answer to Paragraphs 1 through 75 of Plaintiff's Complaint.

77. Nebraska Beef and SOIP admit Mutual Boiler Re seeks declaratory relief and deny the remaining allegations contained in Paragraph 77, including subparts, of Plaintiff's Complaint.

78. Nebraska Beef and SOIP admit the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79. Nebraska Beef and SOIP deny the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80. Nebraska Beef and SOIP deny the allegations contained in Paragraph 80 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

81. Nebraska Beef and SOIP assert that Plaintiff is legally and equitably estopped from denying coverage and rescinding its policies.

82. Nebraska Beef and SOIP assert that they justifiably relied upon written statements made by Plaintiff that it was sufficient to notify an agent or broker of any losses under Plaintiff's policies.

83. Brooke's knowledge of Nebraska Beef's and SOIP's losses in 2008 was imputed to Mutual Boiler RE.

84. Mutual Boiler RE held Brooke out as its apparent or imputed agent for loss notification as stated in Exhibit E.

85. Plaintiff was not prejudiced by any alleged delay between the dates of occurrence mentioned herein and notification of the losses.

86. Plaintiff was not prejudiced by any information or lack of information contained in the renewal application.

87. Plaintiff's request for relief is barred by the doctrine of laches.

## COUNTERCLAIM

## BREACH OF CONTRACT

Nebraska Beef and SOIP, for their counterclaim against Plaintiff, state and allege as follows:

1. For due consideration, Nebraska Beef and SOIP purchased insurance Policy No. PN791 from Plaintiff with effective coverage dates of September 25, 2007 to September 25, 2008.

2. On or about June 14, 2008, June 17, 2008, and July 17, 2008, Nebraska Beef and SOIP suffered damages that were covered losses pursuant to a reasonable interpretation of the terms of the policies between the two parties. Plaintiff has refused to pay for such losses. As a result, Plaintiff has breached its contract of insurance with Nebraska Beef and SOIP.

3. As a direct and proximate result of this breach, Nebraska Beef and SOIP have suffered damages in the proximate amount of $4,443,932.44; in addition to any consequential damages, pre and post judgment interest, costs and expenses.

4.	Nebraska Beef and SOIP request that all attorney fees, costs and expenses they incurs in prosecuting this action against Plaintiff be awarded pursuant to Neb. Rev. Stat. § 44-359.

## BAD FAITH

5.	Nebraska Beef and SOIP submitted their claims for the June 14, 2008, June 17, 2008 and July 17, 2008 losses to Plaintiff as directed.  Plaintiff has refused in good faith under common law and Neb. Rev. Stat. § 44-1540 to indemnify these claims in a timely manner, has denied the same and they remain outstanding.

6.	Plaintiff knows or has reason to know that it does not have a reasonable basis for denying payment of these losses under the policies.  Plaintiff issued directions along with its policies to Nebraska Beef and SOIP on how to file notice of a loss. These directions specifically directed Nebraska Beef and SOIP to use its broker as a party to transmit information to the insurer.  A copy of these instructions are attached hereto as Exhibit E and are incorporated by reference herein.

7.	Nebraska Beef and SOIP followed Plaintiff's directions in Exhibit E.  Plaintiff's reckless indifference to facts or to proof submitted by Nebraska Beef and SOIP amounts to a breach of its fiduciary responsibility for good faith and fair dealing with its insureds.

8.	As a direct and proximate result of its bad faith, Nebraska Beef and SOIP have suffered damages in the proximate amount of $4,443,932.44; in addition to any consequential damages, pre and post judgment interest, costs and expenses.

9.	Nebraska Beef and SOIP request that all attorney fees, costs and expenses it incurs in prosecuting this action against Plaintiff be awarded pursuant to Neb. Rev. Stat. § 44-359.

10. As a result of its bad faith actions and reckless indifference toward its own statements and the facts of this case, Nebraska Beef and SOIP further request that this Court assess a punitive penalty against Plaintiff as directed by the statutes and Constitution of the State of Nebraska.

**JURY DEMAND**

Pursuant to Neb. L. R. Civ. Pro. 38, Nebraska Beef and SOIP demand a trial by jury on the allegations made in this Answer and Counterclaim.

Nebraska Beef and SOIP hereby designate Omaha as its situs for trial as the witnesses, documents, evidence and counsel are found here.

WHEREFORE, Nebraska Beef and SOIP respectfully pray for a judgment in their favor against the Plaintiff for damages as requested herein and for attorney fees incurred in both defending and bringing this action, and for further relief in equity or law that the court deems just and proper.

                                              NEBRASKA BEEF, INC. and SOUTH OMAHA
                                              INVESTORS PACK, L.L.C., Defendants,

BY:    s/William M. Lamson, Jr.
         William M. Lamson, Jr., #12374
         Anne Marie O'Brien, #18271
         Lamson, Dugan and Murray, LLP
         10306 Regency Parkway Drive
         Omaha, NE  68114
         Telephone:  (402) 397-7300
         Telefax:  (402) 397-7824
         wlamson@ldmlaw.com
         aobrien@ldmlaw.com
         *ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2009, I caused the foregoing Answer, Counterclaim and Jury Demand to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

    Russell E. Yates and Dart M. Winkler
    YATES LAW FIRM, LLC
    1900 Wazee Street, Suite 203
    Denver, CO  80202

and further certify that the above document was sent to the following non-CM/ECF participants via regular United States mail, postage pre-paid:

    None

                                             s/ William M. Lamson, Jr.
                                             William M. Lamson, Jr. #12374

455455