## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, d/b/a Mutual Boiler Re, | ) ) ) ) | |
| Plaintiff, | ) | 8:09CV159 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| NEBRASKA BEEF, INC. and SOUTH OMAHA INVESTORS PACK, LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion to Strike Request for Punitive Damages Pursuant to Fed. R. Civ. P. 12(f) (Filing No. 12). The plaintiff seeks to strike the prayer for punitive damages plead by the defendants in connection with their counterclaim for bad faith (Filing No. 8) against the plaintiff. The plaintiff filed a brief (Filing No. 13) in support of the motion. The defendants filed a brief (Filing No. 18) and an index of evidence (Filing No. 19) in opposition to the motion. The plaintiff filed a brief (Filing No. 23) in reply.

## BACKGROUND

On May 7, 2009, the plaintiff filed suit against the defendants seeking declaratory judgment regarding insurance coverage and policy rescission. **See** Filing No. 1. The plaintiff issued insurance policies to the defendants providing coverage for direct physical loss or damage to certain property caused by an "Equipment Breakdown" as defined in each policy. *Id.* ¶ 6. The plaintiff alleges the defendants failed to provide timely notice of loss related to four incidents that occurred in June and July of 2008. *Id.* ¶¶ 6, 18-45. Accordingly, the plaintiff denied coverage for the losses. The plaintiff also alleges the defendants made material misrepresentations on applications for renewal of the policies by failing to list the losses for which the defendants failed to provide adequate notice. *Id.* ¶ 6.

On June 2, 2009, the defendants filed an Answer and Counterclaim seeking damages from the plaintiff for breach of contract and bad faith.  **See** Filing No. 8.  The defendants allege they did provide timely and adequate notice for the subject losses in compliance with the express directions contained in the plaintiff's policies and their attachments.  *Id.* at 11 ¶¶ 6-7.  In light of such notice and the plaintiff's denial of benefits, the defendants seek punitive damages as follows.

> As a result of its bad faith actions and reckless indifference toward its own statements and the facts of this case, [the defendants] further request that this Court assess a punitive penalty against Plaintiff as directed by the statutes and Constitution of the State of Nebraska.

*Id.* at 12 ¶ 10.

On June 22, 2009, the plaintiff filed the instant motion to strike the defendants' prayer for punitive damages.  **See** Filing No. 12.  The plaintiff argues the defendants are not entitled to recover punitive damages for the tort of bad faith as a matter of law because Nebraska law expressly prohibits a punitive damage award.  **See** Filing No. 13 - Brief p. 2. The plaintiff does not seek to strike either of the individual claims alleged in the counterclaim.

The defendants do not dispute that Nebraska law applies to the issue of whether punitive damages are an available remedy in this diversity jurisdiction case.  **See** Filing No. 18 - Brief p. 4.  The defendants argue punitive damages are permitted in this case under the statutory and general laws of the State, provided fines or penalties are designated exclusively to the use and support of the "common schools in the respective subdivisions" where the fines or penalties accrue.  **See** Neb. Const. art. VII, § 5(1).  The defendants argue there is statutory authority in Nebraska that supports the imposition of punitive damages against an insurer.  **See** Filing No. 18 - Brief p. 5-6 (**citing** Unfair Insurance Claims Settlement Practices Act, Neb. Rev. Stat. § 44-1536, *et seq.*).

## ANALYSIS

The Federal Rules of Civil Procedure provide a mechanism for the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter." **See** Fed. R. Civ. P. 12(f).  A party may move the court to strike an opposing party's pleading or a portion of the pleading "within 20 days after being served with the pleading" or the court may act on its own. ***Id.***  A court possesses liberal discretion when ruling on motions to strike under Rule 12(f). ***BJC Health Sys. v. Columbia Cas. Co.****, 478 F.3d 908, 917 (8th Cir. 2007)*.  However, courts view motions to strike with disfavor because striking is an extreme measure and the motion may only serve to delay proceedings.  **See** *id.*; ***Stanbury Law Firm v. I.R.S.****, 221 F.3d 1059, 1063 (8th Cir. 2000)*. Accordingly, a motion to strike will be denied if the content sought to be stricken "is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." ***Lunsford v. United States****, 570 F.2d 221, 229 (8th Cir. 1977)* (quotation omitted).  By contrast, an averment with no basis in law may be stricken.  **See** ***United States v. Dico, Inc.****, 266 F.3d 864, 879-80 (8th Cir. 2001)* (defense stricken where foreclosed by circuit precedent); **see also** ***BJC Health****, 478 F.3d at 917-18* (upholding decision to strike punitive damage prayer where claim forming basis for prayer insufficiently plead as required by Fed. R. Civ. P. 9).  Generally, motions to strike are granted only when the court is "convinced that there are no questions of fact and that any questions of law are clear and not in dispute, and that under no set of circumstances can the [claim] succeed." ***Puckett v. United States****, 82 F. Supp. 2d 660, 662-63 (S.D. Tex. 1999)* (quotation omitted).  Furthermore, allegations will not be stricken as immaterial under this rule unless it can be shown that no evidence in support of the allegation would be admissible. ***United States v. Shell Oil Co.****, 605 F. Supp. 1064, 1085 (D. Colo. 1985)*.  Finally, a party must usually make a showing of prejudice before a court will grant a motion to strike. ***Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.****, 173 F.R.D. 275, 285 (D. Colo. 1997)* (citation omitted).

"[A] prayer for relief not available under the applicable law, or which asserts a damage claim in excess of the maximum recovery permitted by law, is properly subject to a motion to strike." ***Spinks v. City of St. Louis Water Div.****, 176 F.R.D. 572, 574 (E.D. Mo. 1997)*.  Generally, in Nebraska, "the measure of recovery in all civil cases is compensation for the injury sustained." ***Abel v. Conover****, 104 N.W.2d 684, 688 (Neb. 1960)*.  "Nebraska policy is clear: '[P]unitive, vindictive, or exemplary damages contravene Neb. Const. art.

VII, § 5, and thus are not allowed in this jurisdiction.'" *Enron Corp. v. Lawyers Title Ins. Corp.*, 940 F.2d 307, 313 (8th Cir. 1991) (alteration in original) (**quoting** *Distinctive Printing & Packaging Co. v. Cox*, 443 N.W.2d 566, 574 (1989)).   The Nebraska Constitution provides:

> [A]ll fines [and] penalties . . . arising under the general laws of the state . . . shall belong and be paid over to the counties respectively where the same may be levied or imposed . . . . All such fines [and] penalties . . . shall be appropriated exclusively to the use and support of the common schools in the respective subdivisions where the same may accrue. . . .

Neb. Const. art. VII, § 5(1).

The defendants argue the language of the Nebraska Constitution leaves the door open for punitive damages, albeit punitive damages appropriated to the schools rather than to a particular party.   The defendants, however, failed to provide any legal support for their position.   Further, the defendants fail to show they have standing to pursue punitive damages on behalf of another.   Although, the defendants may seek attorney's fees associated with an action on an insurance policy (Neb. Rev. Stat. § 44-359), only the Director of Insurance may impose a penalty on an insurer if such action is in the public interest (Neb. Rev. Stat. § 44-1541 to -1542).   By contrast, the caselaw cited by the plaintiff, as described above, provides overwhelming support indicating the defendants' prayer for punitive damages is insufficient as a matter of law.   Further, the inclusion of the prayer would prejudice the plaintiff by unfairly increasing the burdens of discovery. Accordingly, under the circumstances, the court will strike the defendants' prayer for punitive damages.   Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion to Strike Request for Punitive Damages Pursuant to Fed. R. Civ. P. 12(f) (Filing No. 12) is granted.

**ADMONITION**

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order.   Failure to timely

appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 2nd day of September, 2009.

BY THE COURT:


 s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.