IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) NEBRASKA BEEF, INC., and SOUTH ) OMAHA INVESTORS PACK, L.L.C., ) ) Defendants. ) ) | 8:09CV159<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the defendants' appeal, Filing No. 27, from the magistrate judge's order, Filing No. 25. Plaintiff moved to strike, Filing No. 12, a claim in defendants' counterclaim for bad faith against the plaintiff, Filing No. 8, for punitive damages. The magistrate judge granted the motion to strike. Because this matter, although captioned as a motion to strike, actually involves dismissal of part of defendants' counterclaim, the court will renew the appeal de novo pursuant to 28 U.S.C. § 636.

Plaintiff filed this action for declaratory judgment regarding insurance coverage for the defendants. Filing No. 1. Plaintiff contends that defendants failed to timely notify it of a loss and made material misrepresentations on renewal applications. Defendants filed an answer and a counterclaim alleging bad faith. Filing No. 8. Both plaintiff and defendants agreed that Nebraska law applied. The magistrate judge determined that Neb. Const. art. VII, §§ 5 and 5(1), Neb. Rev. Stats. §§ 44-1541-1542, and Nebraska caselaw prohibit the award of punitive damages. Filing No. 25.

Defendants appeal the order of the magistrate judge. Filing No. 27. Defendants contend that they are entitled to punitive damages if the money goes to the local county

school district.  Defendants rely on *Abel v. Conover*, 104 N.W.2d 684, 689 (Neb. 1960), and *State ex rel Stenberg v. American Midlands*, 509 N.W.2d 633 (Neb. 1994), in support of their argument.  The court in *Abel* stated:  "Since all penalties must go to the benefit of the common schools of the state, a penalty for the benefit of a private person is violative of the cited constitutional provisions."  *Id*. at 689.  The same court further stated: "we necessarily conclude that penalties in favor of a private person are prohibited."  *Id*. at 690.  Defendants also argue that there are a number of public policy reasons for allowing punitive damages against insurance companies, particularly for bad faith claims.  Defendants argue the magistrate judge should have discussed the policy considerations for allowing punitive damages in this case.  Defendants do acknowledge that the magistrate judge pointed out that the Director of Insurance has the power to assess fines against insurance companies pursuant to Neb. Rev. Stat. §§ 44-1541 - 1542.  However, defendants contend that does not mean they do not have standing to bring an action for punitive damages that benefit the school districts.

Plaintiff urges this court to affirm the magistrate judge.  Plaintiff contends that defendants have not offered a single case that allows a private litigant to request punitive damages against an insurer for the benefit of a school district.  Defendants agree that there are no cases exactly on point.

The court has reviewed the Nebraska Constitution, relevant caselaw and relevant Nebraska statutory law.  The court finds no law which specifically allows defendants to bring a punitive claim in a case such as the one before the court.  If the State of Nebraska wants to carve out an exception to allow private parties to pursue punitive damages on behalf of local school districts, it will have to explicitly say so.  This court is not going to

interpret the Nebraska Constitution, statutes, and caselaw to find this right of action, when there has been no clear directive on the part of the State of Nebraska to do so. Accordingly, the court agrees with the result of the magistrate judge's order and will deny the appeal.

THEREFORE, IT IS ORDERED that the defendants' appeal from the order of the magistrate judge, Filing No. 27, is denied.

DATED this 19th day of January, 2010.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.