## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, d/b/a Mutual Boiler Re, | ) ) ) | |
| Plaintiff, | ) ) | 8:09CV159 |
| vs. | ) ) | ORDER |
| NEBRASKA BEEF, INC., and SOUTH OMAHA INVESTORS PACK, LLC. | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on the defendants' Motion to Quash (Filing No. 69). The defendants seek to quash the plaintiff's amended request for inspection of property and second amended notice of deposition of Shane Geise (Geise). The defendants filed an index of exhibits in support of the motion. **See** Filing No. 71. The plaintiff filed a brief in opposition to the Motion (Filing No. 78) along with an index of exhibits in support of the brief (Filing No. 79). The defendant filed a brief in reply (Filing No. 80) and an index of exhibits in support of the brief (Filing No. 81).

This case arises out of an insurance dispute which has been fully set forth in previous court orders. The plaintiff, Factory Mutual Insurance Company, d/b/a Mutual Boiler Re (MBRe), filed suit against the defendants seeking declaratory judgment regarding insurance coverage and policy rescission. **See** Filing No. 1. The defendants, Nebraska Beef and South Omaha Investors Pack, L.L.C., (collectively, Nebraska Beef),[1] filed an Answer and Counterclaim seeking damages from the plaintiff for breach of contract and bad faith. **See** Filing No. 8. Further summary of the background on this case can be found on the court's docket, or more recently on the court's order on the plaintiff's motion to compel discovery (Filing No. 82).

---

[1] The parties have largely treated Nebraska Beef, Inc. and South Omaha Investors Pack, LLC, as one and the same. For ease of reference, the defendants will be referred to as "defendants" or "Nebraska Beef" in this Order.

In the instant matter, the defendants seek to quash the plaintiff's inspection of property where the subject losses occurred, and the deposition of Geise, the electrical contractor utilized by Nebraska Beef to do repair work after electrical malfunctions occurred during June and July, 2008.  **See** Filing No. 69, p. 1-3.  The defendants argue that plaintiff should be denied further inspection of the site since MBRe already sent an investigator to the plant in December, 2008, to determine if there was coverage under the policy.  **Id.** at 2.  Nebraska Beef claims further investigation is unnecessary, duplicative, and could have been done before plaintiff filed its litigation.  **Id.** at 3.  Further, the defendants contend a deposition of Geise will yield no information that will bear on the summary judgment motions (Filing Nos. 41 and 50) already filed in the case.  **Id** at 3.  Although the defendants agree Geise may have knowledge of the equipment breakdowns suffered by Nebraska Beef, the reinstatement of electrical power, and the cause of the equipment breakdowns, it is the defendants' position Geise will have no deposition testimony which will bear upon the legal questions presented - namely the alleged late notice provided by Nebraska Beef to MBRe under the insurance policy.  **Id.**

The plaintiff replied that the defendants' motion is merely an attempt to prevent the plaintiff from conducting certain discovery.  **See** Filing No. 78, p. 1.  While the plaintiff does not dispute the fact the Nebraska Beef plant was already visited for purposes of making a coverage determination, the plaintiff argues that a second site visit is warranted by an expert witness.  **Id.** at 3-4.  An inspection by an expert witness now would allow the plaintiff to conduct a reasonable investigation into the claims made by the parties in the litigation.  **Id.**  According to the plaintiff, the first site visit was to determine coverage and/or loss under the policy.  **Id.** at 5.  Additionally, the first investigator's visit to the plant was nearly five months after the subject losses, and prior to a determination of coverage.  **Id.** at 4, 5.  Finally, the plaintiff notes that an expert witness should be given the opportunity to view the property about which they will provide testimony, especially given the absence of any authority from the defendants' showing otherwise.  **Id.**

In regards to the deposition of Geise, the plaintiff states the cause of the equipment breakdowns, or, more specifically, the uncertainty about the cause of the breakdowns, addresses why MBRe claims it was prejudiced by defendants' failure to provide timely

notice under the policies. **Id.** at 6. According to the plaintiff, Geise's deposition testimony is necessary because he has offered a purported opinion regarding the cause of the losses in his December 23, 2008, letter to the defendants' adjuster. Geise stated he was contacted to provide an account of the electrical work he performed at the plant on the loss dates at issue, and added, "Regarding the cause of loss, my time was devoted to the repairs, not the cause of the damages. So I did not spend time examining the potential cause of disruption." **Id.** at 6-7, referring to Ex. A, attached. Geise went on to say that if he were to *speculate*, Geise would say the damage he repaired would be consistent with a surge. **Id.** He did not conduct a full investigation into what may have caused the disputed losses, and plaintiff argues it deserves a full opportunity to investigate what caused the losses, rather than have Geise speculate as to the same. **Id.** at 7. Finally, the plaintiff argues the fact that defendants have identified Geise as an expert witness should entitle the plaintiff to a further deposition to inquire into his expert opinions under Fed.R.Civ.P. 26(b)(4)(A). **Id.**

In reply, the defendants again argue MBRe's requests for discovery are irrelevant pending disposition of the parties' summary judgment motions. **See** Filing No. 80, p. 4. The defendants claim the plaintiff is now trying to "drum up" evidence that the losses would not be covered under the policy, that the investigator previously sent to determine losses was justly qualified to investigate the case, that further investigation is untimely, and that a deposition of Geise is irrelevant. **Id.** at 4-8. The defendants therefore ask the court to quash the plaintiff's request for a site inspection and witness deposition.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence ." Fed. R. Civ. P. 26(b)(1). However, "[t]he District Court does have discretion to limit the scope of discovery." ***Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998)**. The court must first determine whether the sought discovery is relevant to a claim or defense. Accordingly, although limited, relevant evidence includes "any matter that could bear on, or that reasonably could lead to other matter that could bear on" the claims or defenses of any party. ***Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340,**

351 (1978). Fed. R. Civ. P. 26(c) authorizes the court to enter an order limiting discovery or imposing just terms on taking discovery to protect a person or party from annoyance, embarrassment, oppression, or undue burden.  Such protection from disclosure or discovery is granted only upon a showing of good cause. **See** Fed. R. Civ. P. 26(c).  The party moving to restrict discovery has the burden to demonstrate good cause for issuance of the order. *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999).

In the instant matter, the defendants have shown no good reason to restrict plaintiff's inspection of the plant, or prevent deposition of Geise as an expert witness. Plaintiff's first and only inspection of the Nebraska Beef plant occurred some five months after the reported losses, and prior to determining coverage under the policy.  **See** Filing No. 78, p. 4-5.  The plaintiff, at that time, presumably conducted an investigation into loss under the policy, not anticipating any future need for discovery as might relate to litigation in this matter.  Certainly the plaintiff is entitled to conduct a more thorough review, given the issues now presented.  Further, it was defendants' contention that the plaintiff could have requested such an inspection prior to the filing of this litigation.  However, given the defendants' non-responsiveness to the plaintiff's current request, the court finds it hard to believe the defendant would have swung open the doors of its plant for inspection, as they suggest.  The plaintiff requested this second site inspection shortly after filing the instant litigation.  The court finds the plaintiff's request was timely and reasonable, and should be allowed as a matter which is likely to lead to the discovery of admissible evidence.

The court also finds the plaintiff should be allowed to depose Geise as an expert witness as permitted by Fed.R.Civ.P. 26(b)(4)(A).  The short letter provided by Geise indicates he would have to speculate as to the cause of the damages.   As a possible expert witness, the plaintiff has due cause to conduct a second deposition of Geise, in order to investigate any matter which could reasonably bear on the claims or defenses in this litigation, in light of the fact the defendants now wish to call him as an expert witness.

**IT IS ORDERED:**

1. Defendants' Motion to Quash (Filing No. 69) is denied. Parties shall continue with discovery pending disposition on the summary judgement motions (Filing Nos. 41 and 50) pending with this court.

2. Defendants shall have to **on or before May 7, 2010** to make the Nebraska Beef plant available for inspection by plaintiff or plaintiff's designated representative.

3. The parties shall have to **on or before May 21, 2010** to find a mutually agreeable time to depose Geise.

4. Defendants' request for oral argument is denied.

DATED this 15th day of April, 2010.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge