IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) 8:09CV159 ) ) |
| v. | ) ) MEMORANDUM AND ORDER |
| NEBRASKA BEEF, INC., and SOUTH OMAHA INVESTORS PACK, L.L.C., | ) ) ) |
| Defendants. | ) ) ) |

This matter is before the court on the plaintiff's motion to reconsider, Filing No. 88, the court's order, Filing No. 84. Plaintiff filed this action for declaratory judgment regarding insurance coverage for the defendants. Filing No. 1. Plaintiff contends that defendants failed to timely notify plaintiff of losses incurred and, therefore, plaintiff has no obligation to pay for defendants' losses. Defendants filed an answer and a counterclaim alleging bad faith. Filing No. 8. This court previously issued an order finding that the defendants' motion for summary judgment should be granted in favor of the defendants on the declaratory judgment claim and denied the motions for summary judgment by both parties on the bad faith claims. Filing No. 84.[1] After this court's order, the defendants moved to dismiss the bad faith claim, Filing No. 86, and this motion was granted. Filing No. 87. Thus, the only legal issue before the court involves the action on the declaratory judgment.

Plaintiff now moves this court to reconsider the ruling as to the claim for declaratory judgment on the basis that plaintiff had a motion for extension of time to conduct additional

---

[1]The court set forth a summary of facts in that Memorandum and Order and will not do so herein. However, the court includes the facts and analysis in this Memorandum and Order by reference.

discovery in support of the summary judgment pending at the same time this court ruled on the summary judgment motions. Plaintiff contends that Magistrate Judge Thomas Thalken ruled in favor of plaintiffs in regards to these discovery motions. See Filing No. 82 and Filing No. 83. Plaintiff argues it had a good faith belief regarding the timing and filing of the response to the motion for summary judgment which plaintiff states would have occurred after discovery was completed.

In response, defendants contend that the plaintiff failed to comply with Fed. R. Civ. P. 56(f) which requires an affidavit explaining what additional discovery is needed and how it might aid in the court's decision. First, the court finds that defendant is correct that plaintiff did not in fact file an affidavit with its motion for additional discovery. More importantly, however, defendants argue, and this court agrees, that further discovery would not tend to prove or disprove any facts related to the written policies and, in particular, the applicability of Form 100-1.

The court previously granted summary judgment, Filing No. 84, because it found the notice in Form 100-1 to be more specific than the general policy terms. Form 100-1, issued by the plaintiff and mailed to the defendants, actually instructed the defendants to notify the broker in the event of loss. Plaintiff has not raised any additional arguments in this motion for reconsideration that justifies a different ruling by this court.

Generally, the court will deny a motion for reconsideration absent a manifest error in the prior ruling, or absent new facts or legal authority which could not have been brought to the court's attention earlier. NeCivR 60.1. The court does not believe, nor has plaintiff argued, that additional discovery revealed material evidence important to the determination of the notice provision. Finally, the court agrees with the defendants that the relevant inquiry is whether Form 100-1 is ambiguous or not. The court has already determined that

no ambiguity existed, and the plaintiff has offered no evidence or argument in this motion to persuade the court otherwise.

The court likewise finds that the only reason given by the plaintiff for failing to pay the defendants is this alleged lack of notice issue. The only claim for declaratory relief set forth in the complaint involved plaintiff's belief that the defendants failed to timely notify, because defendants notified the broker rather than the plaintiff.[2] Plaintiff now argues, in its motion for reconsideration, that it wants to sue defendants on the merits of whether defendants are entitled to collect payment for the losses. The court agrees with the defendants in this regard. There is no evidence that this claim was ever denied for any reason other than the notice issue. Plaintiff cannot now, for the first time in a motion for reconsideration, raise the issue of whether the claim should not be paid for other reasons. Accordingly, for the reasons set forth herein, the court will deny the motion to reconsider.

THEREFORE, IT IS ORDERED that the motion for reconsideration, Filing No. 88, is denied.

DATED this 27th day of September, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

[2] Plaintiff has dismissed the second claim for relief. Filing No. 33.

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.